Attorneys for Plaintiffs:
Tyler Goldberg-Hoss
CMG Law
115 NE 100th Street, Ste. 220
Seattle, WA  98125-8099
P:  206.443.8600

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| WILLIAM M. BIRDSONG and KATHY S. BIRDSONG, husband and wife,<br><br>Plaintiffs,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | Civil Case No.  2:21-cv-1510<br><br>COMPLAINT FOR DAMAGES |

**COMPLAINT FOR DAMAGES**

COME NOW the Plaintiffs, by and through their attorneys, Tyler Goldberg-Hoss and Eugene M. Moen of CMG Law, and bring this Complaint for Damages against the defendant herein and allege as follows.

**1.   IDENTIFICATION OF PLAINTIFFS**

Plaintiffs WILLIAM M. BIRDSONG and KATHY S. BIRDSONG are husband and wife. They are residents of Mason County, Washington and are qualified to bring this action.

## 2. IDENTIFICATION OF DEFENDANT

2.1 The US Department of Veterans Affairs is an agency of the defendant United States of America. It employs physicians, nurses and other health care providers who provided medical care to the citizens of Washington State.

2.2 Defendant provided medical care to plaintiff WILLIAM M. BIRDSONG through its agents and employees, who were acting at all relevant times on behalf of defendant and within the scope of their employment or agency (whether actual or ostensible).

2.3 Defendant itself, as a health care provider as defined by RCW 7.70.020(3), provided medical care to plaintiff WILLIAM M. BIRDSONG.

## 3. JURISDICTION AND FEDERAL ADMINISTRATIVE PRE-FILING COMPLIANCE

3.1 This action arises under the Federal Tort Claims Act, §§ 2671 through 2680 of Title 28 of the United States Code, and this Court is vested with jurisdiction pursuant to § 1346(b) of the United States Code.

3.2 In compliance with 28 CFR 14.2, claimants, through their attorneys, presented Standard Form 95 Claims for Damage, Injury or Death on May 3, 2021 to the U.S. Department of Veterans Affairs. A copy of both Standard Form 95 claims, together with a letter from the U.S. Department of Veterans Affairs confirming receipt, are attached as Exhibit 1.

3.3 More than six months have elapsed since the U.S. Department of Veterans Affairs confirmed receipt of both Standard Form 95 Claims.

3.4     Plaintiffs allege they have exhausted all of their administrative remedies and have satisfied the claim and notice requirements of the Federal Tort Claims Act.

## 4.  STATEMENT OF FACTS

4.1     WILLIAM M. BIRDSONG underwent a Myocardial Perfusion Scan at the Seattle VA Medical Center on July 23, 2018 as part of a cardiology workup to clear him for anesthesia for a rotator cuff surgery. The Scan was interpreted by a VA provider and WILLIAM M. BIRDSONG was cleared for the surgery, which was later done at a non-VA facility by non-VA providers.

4.2     The perfusion scan procedure included a limited CT-type scan as well. That part of the scan was not interpreted and reported at the time. At a later date, a retrospective review of that part of the scan was performed, and an incidental finding was of a 2.3 cm mass in the right lower lobe of his lung.

4.3     The VA then performed a repeat CT on February 1, 2021, where it was found that the mass had grown to 6.3 cm. in the interim.

4.4     On February 18, 2021, a right lung biopsy was performed at Defendant's hospital.

4.5     On March 5, 2021, Plaintiffs consulted with Dr. Kathleen Berfield, Chief of Thoracic Surgery at VA Puget Sound, regarding the recommendations of the VA Tumor Board. Plaintiffs learned that, given both upper and lower right lobe involvement, surgery was not indicated to remove the cancerous tumor.

4.6     Attached as Exhibit 2 is a Radiology Consult Report dated March 16, 2021 that describes the cancer that was diagnosed after the February 1, 2021 CT scan, the staging of the cancer, and the treatment plans.

4.7     Attached as Exhibit 3 is the July, 2018 radiology report, that includes an addendum about the retrospective findings when that scan was reviewed again in 2021.

4.8     On March 24, 2021, Plaintiffs met with employees and/or agents of defendant, including Mr. Wayman Chan (risk management); Dr. Connie Morantes (Deputy Chief of Staff of VA Puget Sound; and Dr. Suresh Maximin (Chief of Diagnostic Imaging of VA Puget Sound).

4.9     At this meeting, Plaintiffs learned for the first time that images were captured during the July 2018 Myocardial Perfusion Scan that were not interpreted on or around the date they were captured. Plaintiffs further learned that this was discovered earlier in 2021, prompting the order for the CT to be performed on February 1, 2021.

4.10    Plaintiffs were told: this failure to interpret his images was an error; that a retrospective review of all veterans who had undergone the same procedure had been ordered; and that a new process had been instituted whereby similar images obtained would be interpreted at the time of the imagine study, and that this would not happen to any other veteran going forward.

4.11    Plaintiffs further learned that, as a result of the delay in diagnosing his cancerous tumor, it had grown from 2.3 cm to 6.1 cm.

4.12    Attached as Exhibit 4 is "Communication of Adverse Event" prepared by Dr. Connie Morantes and including Wayman Chan of the VA Risk Management office. It

reads in part: "Mr. Birdsong underwent a nuclear cardiac stress test on 7/23/18. The low dose CT scan obtained as part of the procedure was reviewed retrospectively in January 201 which revealed a 2.3 cm x 1.6 cm solid lung nodule in the Right lower lobe. A repeat CT scan obtained 2/1/2021 confirmed a 6.1 x. 4.3 x. 48 cm mass in the Right lung which was been biopsy proven as squamous cell cancer. The delay in diagnosis was a result of the CT images not being formally read which is considered standard of care for this procedure."

## 5.  DATE OF OCCURANCE

5.1 The care at issue in this matter occurred on or around July 23, 2018.

5.2 Plaintiffs discovered his injury and the cause on March 24, 2021. Plaintiffs' claims accrued on this date.

5.3 Plaintiffs presented Standard Form 95 Claims for Damage, Injury or Death on May 3, 2021 to the U.S. Department of Veterans Affairs.

5.4 More than six months have elapsed since the U.S. Department of Veterans Affairs confirmed receipt of both Standard Form 95 Claims.

5.5 Plaintiffs' claims are brought within the applicable statute of limitations.

## 6.  NEGLIGENCE

6.1 Health care providers in Washington State have a duty to exercise that degree of care, skill, and learning expected of a reasonably prudent health care provider at that time in the profession or class to which he or she belongs, in the state of Washington, acting in the same or similar circumstances.

6.2     This includes, but is not limited to, exercising reasonable prudence with respect to interpreting images such as those captured during WILLIAM M. BIRDSONG's July 23, 2018 Myocardial Perfusion Scan, and reporting the results of such interpretation.

6.3     Defendant breached this duty by failing to interpret the images in question, failing to report the results of such interpretation, and failing to initiate the diagnosis of and treatment for WILLIAM M. BIRDSONG's cancer.

6.4     Such breach constitutes negligence.

## 7.  INFERENCE OF NEGLIGENCE

7.1     The manner of injury to WILLIAM M. BIRDSONG and the attending circumstances are of such a character which would warrant an inference that the injuries would not have occurred if ordinary care had been exercised by Defendant.

7.2     The agency, instrumentality or thing which produced the injury was at all times under the control of Defendant when the injury occurred; the Plaintiff WILLIAM M. BIRDSONG lacked control to take action to avert the injury; and the injury would not ordinarily have occurred had the Defendant exercised due care.

## 8.  INFORMED CONSENT

8.1     Plaintiffs allege that Defendant, through its employees and/or agents, failed to inform WILLIAM M. BIRDSONG of material facts relating to treatment, such failure resulted in injuries and damages as hereinafter alleged, and such injuries and damages would not have occurred had he been fully informed and made aware of material facts relating to the treatment.

CMG Law
115 NE 100th Street, Ste. 220
Seattle, WA  98125-8011
Tel:  206.443-8600

### 9.  DAMAGES

9.1  As a direct and proximate result of the negligence of Defendant, there was a delay in diagnosing WILLIAM M. BIRDSONG's squamous cell carcinoma from July 2018 until February 2021.

9.2  This resulted in WILLIAM M. BIRDSONG's cancer progressing from a likely Stage I had it been timely diagnosed, to Stage IIIA when it was in fact diagnosed.

9.3  This has resulted in a loss of a chance of WILLIAM M. BIRDSONG's 5-year survival from his cancer.

9.4  This has resulted in damages to WILLIAM M. BIRDSONG, including but not limited to pain, suffering, anxiety, emotional distress, as well as economic damages, including medical bills, all in amounts to be proven at time of trial.

9.5  As a direct and proximate result of the negligence of defendant, KATHY S. BIRDSONG has suffered a loss of consortium of her husband WILLIAM M. BIRDSONG.

### 10. EXPENSES INCURRED

10.1  Plaintiffs have incurred medical and other expenses, the extent of which will be proven at the time of trial.

### 11. WAIVER OF PRIVILEGE

11.1  Waiver of the physician-patient privilege under RCW 5.60.060(4)(b) does not waive or release any other rights or privileges, including those related to the physician-patient relationship, other than the privilege set out in the above-cited statute.

WHEREFORE, Plaintiffs pray for judgment against Defendant in such amount as

will be proven at the time of trial, together with such other and further relief as seems just and proper in the premises.

DATED:  November 8, 2021				CMG LAW


						By _____
						Tyler Goldberg-Hoss, WSBA #41653
						Of Attorneys for Plaintiffs
						CMG Law
						115 NE 100th St., Ste. 220
						Seattle, WA  98125-8011
						Telephone:  206.443.8600
						Fax:  206.443.6904
						Email:  tyler@cmglaw.com